**FOR PUBLICATION**

> **DISTRICT COURT OF THE VIRGIN ISLANDS**
> **DIVISION OF ST. THOMAS AND ST. JOHN**
> **APPELLATE DIVISION**

| | |
|---|---|
| **RICHARD FAHIE,** )<br>)<br>    *Appellant*, )<br>)<br>)<br>    v. )<br>)<br>**PEOPLE OF THE VIRGIN ISLANDS,** )<br>)<br>    *Appellee*. )<br>_____) | **D.C. Crim. App. No. 2006-27**<br>   Sup.Ct.Crim. No. 2005-294 |

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Rhys S. Hodge presiding.

Considered: March 5, 2010
Filed: October 24, 2013

**BEFORE: CURTIS V. GÓMEZ,** Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **JULIO A. BRADY,**[1] Judge of the Superior Court of the Virgin Islands, sitting by designation.

**ATTORNEYS:**

**Sharmane Davis-Brathwaite, Esq.**
St. Thomas, VI
    *For the Appellant.*

**Tiffany V. Robinson, AAG**
St. Thomas, VI
    *For the Appellee.*

> **MEMORANDUM OPINION**

---

[1] While Judge Brady sat on the panel that considered this matter, he retired before

Case: 3:06-cr-00027-CRA-GWB   Document #: 38   Filed: 10/24/13   Page 2 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 2

**Per curiam,**

Appellant Richard Fahie ("Fahie") appeals his conviction in the Superior Court for attempted murder, first degree assault, and two counts of carrying an unlicensed firearm during the commission of a crime of violence. For the reasons stated below, the Court will affirm Fahie's convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2005, between 8:30 p.m. and 9:00 p.m., Patrick Benjamin ("Benjamin") was shot near the Tau Club in the Smith Bay area of St. Thomas. (J.A. 65, 67. Officer Earl Mills ("Mills") was dispatched to the scene of the shooting. (J.A. 28.) Upon arriving, Mills observed Benjamin on the ground, lying in blood. (J.A. 29.) Benjamin was transported to the emergency room and treated by Dr. Sidney Commissiong ("Commissiong"). (J.A. 37.) Commissiong determined that Benjamin had gunshot wounds in his left shoulder, left hand, and back. (J.A. 37.) Detective Joel Dowdye ("Dowdye") visited Benjamin in the hospital and obtained a statement from Benjamin about the shooting. (J.A. 56.) Dowdye later provided Benjamin with a photo array of six faces from which Benjamin identified Fahie as the shooter. (J.A. 57-58.) On May 25, 2005, Dowdye obtained a warrant for Fahie's arrest. (J.A. 59.) Fahie was arrested on July 6, 2005. (J.A. 8.)

The People filed a five count Information, later amended, against Fahie. Count One charged Fahie with attempted first degree

---

the decision was issued.

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 3 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 3

murder, in violation of Sections 921(a)(1) and 331 of Title 14 of the Virgin Islands Code. Count Two charged Fahie with carrying an unlicensed firearm during the attempted commission of a first degree murder in violation of Sections 2253(a), 921, 922(a), and 331, Title 14 of the Virgin Islands Code. Count Three charged Fahie with first degree assault in violation of Section 295, Title 14 of the Virgin Islands Code. Count Four charged Fahie with carrying an unlicensed firearm during the commission of a first degree assault in violation of Sections 2245(a) and 295(1), Title 14 of the Virgin Islands Code. Count Five charged Fahie with possession of ammunition in violation of Section 2256(a), Title 14 of the Virgin Islands Code.

The Superior Court appointed the Territorial Public Defender's Office as counsel for Fahie. At his arraignment, Fahie entered a plea of not guilty on all counts of the Information.

The trial began on February 14, 2006. The People presented the testimony of Mills, Dowdye, Commissiong, and Benjamin. Fahie's counsel did not object to any testimony by Mills, Dowdye, Commissiong, and Benjamin on the identification of Fahie. (J.A. 30, 41, 58, 66-67.) Fahie's counsel also did not object to testimony that was potentially hearsay or inadmissible character evidence. In some cases, Fahie's counsel raised objections on these grounds so far removed from the disputed testimony that the trial overruled the objections as tardy.

After the close of the People's case, Fahie presented the testimony of his mother, Shirley Fahie, as an alibi witness. (J.A. 24.)

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 4 of 13

Fahie v. People of the Virgin Islands
Crim. App. No. 2006-27
Memorandum Opinion
Page 4

On February 15, 2006, the jury found Fahie guilty on Counts One, Two, Three, and Four of the Amended Information. (J.A. 108.) The jury found Fahie not guilty on Count Five. (J.A. 108.)

On appeal, Fahie raises two issues: (1) that his counsel provided ineffective assistance, and (2) that he is entitled to a new trial due to plain error.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a) (2006).

### B. Standard of Review

#### 1. Ineffective Assistance of Counsel

To establish a violation of the Sixth Amendment due to the ineffective assistance of counsel, a defendant must show both deficiency in performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 700 (1984). "The 'deficiency' step asks whether counsel's conduct 'fell below an objective standard of reasonableness' viewed as of the time it occurred." *United States v. Baird*, 218 F.3d 221, 226 (3d Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 690; *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)). "The 'prejudice' prerequisite asks whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 5 of 13

Fahie v. People of the Virgin Islands
Crim. App. No. 2006-27
Memorandum Opinion
Page 5

of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694; *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)).

### 2. Plain Error

Where trial counsel fails to object to an error, we reverse only if the asserted violation amounts to "plain error." *See* Fed. R. Crim. P. 52(b) (2002)[1]; *United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005). "Where a defendant demonstrates error that is plain, and that affects substantial rights, we may correct that error where the fairness, integrity, or public reputation of judicial proceedings was affected." *Davis*, 407 F.3d at 164 (quotations and citations omitted). In order to affect substantial rights, an error must have been prejudicial, and must have "affected the outcome of the [trial] court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).

### III. ANALYSIS

### A. Ineffective Assistance of Counsel

Fahie argues that his counsel provided ineffective assistance at trial by failing (1) to adequately present the defense of self-defense and (2) to preserve issues for appeal.

"It is well settled . . . that Sixth Amendment ineffective assistance of counsel claims . . . are generally not entertained on a direct appeal." *United States v. McLaughlin*, 386 F.3d 547, 555 (3d

---

[1] Pursuant to Federal Rule of Criminal Procedure 52(b), "plain error, that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b) (2002).

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 6 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 6

Cir. 2004)(citation omitted). "This refusal to entertain . . . claims on direct review stems from the reality that such claims frequently involve questions regarding conduct that occurred outside the purview of the [trial] court and therefore can be resolved only after a factual development at an appropriate hearing." *Id.* (citations and quotations omitted). There is a narrow exception to this rule: "[W]here the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). *But see Massaro v. United States*, 538 U.S. 500, 507 (2003) (noting that few ineffective assistance claims "will be capable of resolution on direct appeal"). However, "[w]here a claim of ineffective assistance of counsel is based on attorney incompetence, the lack of a fully developed record often precludes a comprehensive inquiry into the elements of strategy or tactics that may have entered into defense counsel's challenged decision." *McLaughlin*, 386 F.3d at 556 (citing *Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984)). In *McLaughlin*, the Third Circuit determined that even where the defendant's counsel failed to introduce a critical piece of evidence and stipulated to the admission of damaging evidence, the record did not support a determination of whether counsel behaved reasonably. *Id.* at 555-56.

The record in this matter does not permit us to consider the reasonableness of the trial strategy of Fahie's counsel. *See Massaro*, 538 U.S. at 505 (noting that, because evidence produced at trial is

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 7 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 7

devoted to a defendant's guilt or innocence, the resultant record is inadequate to assess trial counsel's performance). Specifically, the record is inadequate for a comprehensive inquiry into the strategy and tactics behind counsel's decisions not to object to evidence introduced by the People or present alibi evidence. Because Fahie's ineffective assistance of counsel argument does not "fit[] into that narrow class of ineffectiveness claims amenable to review on direct appeal," *McLaughlin*, 386 F.3d at 556, it is premature and better left for collateral attack. Accordingly, we decline to address this argument.

**B.  Plain Error**

   **1.  Hearsay Allegations**

Fahie argues that the Superior Court erroneously permitted the prosecutor to introduce hearsay evidence when questioning Mills and Dowdye. Fahie's counsel did not properly object to the questioning at trial.

A verdict or judgment shall not be set aside or reversed "by reason of the erroneous admission of evidence unless [] there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." V.I. CODE ANN. tit. 5, § 774 (2012). Because Fahie did not object to the admission of Mills's and Dowdye's statements, this matter is reviewed for plain error. *Nibbs v. Roberts,* D.C. Civ. App. No. 1991-029, 1995 WL 78295 at *13 (D.V.I. App. Div. Feb. 8, 1995) (finding that an issue was not preserved for review on appeal except for plain error even where

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 8 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 8

appellant made a general objection when a specific objection was correct). Under this standard, we will reverse the Superior Court only where a plain error was "fundamental and highly prejudicial" such that the admission of the testimony "failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005).

Hearsay is defined as "a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated ...." 5 V.I.C. § 932. Hearsay is not admissible unless an exception applies. *Id.* Thus, generally a witness cannot testify as to what she told someone outside of court, unless a hearsay exception applies. Section 932(1), however, provides an exception to the general rule excluding hearsay, permitting a statement:

> previously made by a person who is present at the hearing and available for cross-examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness . . . .

5 V.I.C. § 932(1).

In this case, the prosecutor solicited testimony from Mills and Dowdye that each had heard Benjamin state that Fahie had shot him. (J.A. 29-30, 58.) Both witnesses stated that Benjamin had identified Fahie as the shooter. Mills stated: "When I got there I saw a black male on the ground lying in blood. Ahm, he was repeatedly saying 'Richard from Bordeaux shoot me. Richard from Bordeaux shoot me.' I try to ascertain -- I was asking him other questions, but that's all

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 9 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 9

he continually saying repeatedly." (J.A. 29.) Dowdye stated: "I gave [the photo array] to [Benjamin] and he turned it over, he said "'This is the guy. This is the guy.' Point directly to the individual, Mr. Richard Fahie." (J.A. 58.)

Fahie contends that these questions elicited hearsay responses from Mills and Dowdye. The government argues that the responses these witnessed provided were not hearsay, were subject to a hearsay exception, or were simply cumulative and not harmful.

Benjamin, the declarant of the statements identifying Fahie as the shooter, was present at the trial and available for cross-examination with respect to the statements identifying Fahie. Benjamin did in fact testify regarding the statements he made to Mills and Dowdye as well as to the substance of the events that occurred on April 9, 2005. (J.A. 66-72.) His testimony as to his prior statements was admissible because he adopted it on the stand, where he was subject to cross-examination. Thus his testimony falls within the hearsay exception, codified at Section 932(1), Title 5 of the Virgin Islands Code, which "permits hearsay testimony of an out-of-court statement of a person who testifies at trial because that person can be subjected to the rigors of cross-examination as to those statements." *Phillips v. People*, 51 V.I. 258 (V.I. 2009). In that case, a police officer testified that a burglary victim used non-verbal and limited speech to identify the defendant. At trial, the victim testified through an interpreter, and was asked to identify the intruder several times before identifying the defendant. The

Case: 3:06-cr-00027-CRA-GWB   Document #: 38   Filed: 10/24/13   Page 10 of 13

Fahie v. People of the Virgin Islands
Crim. App. No. 2006-27
Memorandum Opinion
Page 10

Supreme Court of the Virgin Islands stated that because the victim "testified at trial, and was available at the trial, [the police officer's] testimony would be admissible under 5 V.I.C. § 932(1)." *Phillips*, 51 V.I. at 276. Accordingly, the trial court did not err in admitting the above testimony.

### 2. Character Evidence

Fahie also challenges the admission of certain character evidence. During his testimony, Benjamin stated that Fahie has previously assaulted him. (J.A. 74-75.) He further testified that Fahie had told him that Fahie was "a wanted man." (J.A. 78.) In *United States v. Xavier*, 2 F.3d 1281 (3d Cir. 1993), the Third Circuit enumerated the following factors to consider when weighing the prejudice of character evidence offered against a defendant: (1) whether the remarks were pronounced and persistent enough to create a likelihood that they would mislead and prejudice the jury, (2) the strength of the other evidence, and (3) any curative action taken by the trial court. In that case, the victim of an assault referred to the defendant and his brother as "trouble makers" and describing the defendant's brother as wicked and a coward. *Id.* at 1285. The Third Circuit determined that the jury was not misled by the victim's comments, as they were not focused on the defendant and the other evidence against the defendant was strong. The Circuit noted that the witness "was a victim of the crime, and his remarks should be viewed in that context." *Id.*

In this case, Benjamin's remarks were of some persistence, but

were not central to his testimony. Fahie's previous alleged assault upon Benjamin and his status as being wanted in Tortola were each referenced twice. ("And then Richard Fahie punch me, and at that time he had a ring on his finger, he bust my eye both places, and I leave Richard Fahie and I came home, go straight home." Benjamin Test. Jt. App. at 74-75. "I tell him Richard [Fahie] can't run nowhere because he's wanted in Tortola." (J.A. 77-78.) While Benjamin made multiple statements concerning Fahie, like the witness in *Xavier*, he was the victim of the alleged crime, and his statements are taken in that context. *Xavier*, 2 F.3d at 1285. Further, while Benjamin made a number of statements about Fahie, they were limited in number in the context of a two day trial. *Cf. United States v. Leake*, 396 Fed. App'x 898 (3d Cir. 2010) ("a single statement by a witness . . . hardly can be deemed pronounced and persistent")(*citing United States v. Lore*, 430 F.3d 190, 207 (3d Cir. 2005)); *United States v. Riley*, 621 F.3d 312, 336 (3d Cir. 2010) (two improper remarks over the course of testimony lasting three days not pronounced, persistent, or "systematic").

Second, these statements did not comprise the heart of Benjamin's testimony, nor did they play a particularly important role in the People's case. Sufficient evidence was presented to support Fahie's conviction. The jury heard from Commissiong that Benjamin "received multiple gunshot wounds" and was brought to the hospital "in critical condition." (J.A. 39.) The People offered evidence that Fahie was not licensed to possess a firearm in the Virgin Islands. Brown Test. (J.A. 51-52.) The jury also heard from Benjamin, who

testified:

> A.   [T]hen I hear "You punk, you think me ain't get it for all of ah you." And then I heard, bow! A gunshot. When I heard the gunshot then I spin back the gunshot didn't touch me. I spin back I saw Richard Fahie with a gun in his hands.
>
> Q.   What else happened?
>
> A.   I jump and I hold the gun into his left hand. I hold the gun into his left hand, the phone was in my right hand. And the first shot didn't touch me. The second shot hit me into my center finger right here. The third shot hit me right into the palm of my hand right here. . . The fourth shot hit me right here in my inside muscle on my left arm. One took me right here on top of my shoulder, on my left shoulder. One took me straight underneath my arm on my left hands. The next one took me right here. And then when I push him away from me he drop -- the phone drop -- the cordless phone drop at the time between the septic tank and the circle way.
>
> Q.   And what happen?
>
> A.   When I push Richard Fahie Richard Fahie drop together with me, I drop on my stomach on a heap of dirt and then Richard Fahie between the septic tank and the circle way. So I was feeling like I were going to die, and then when he was going, standing he was going like nine feet away from me already. And then I call out "Richard Fahie from Bordeaux shot me. Richard Fahie from Bordeaux shot me. Richard Fahie from Bordeaux shot me. Richard Fahie from Bordeaux shot me." The reason why I was saying that because I wanted the neighborhood to hear that it's Richard is the one who shot me in case I die.
>
>     And then I were on the ground staggering and suffering and bleeding up, and then when I say, "You ain't dead yet you fucking punk." Bow! The last one in my back. And then I start feeling my two legs start to beat, beat, beat, beat, beat. And then I say, "Oh God, I die."

(J.A. 67-70.)

It is clear that the strength of the other evidence on the record outweighs the character evidence that was improperly introduced.

Case: 3:06-cr-00027-CRA-GWB Document #: 38 Filed: 10/24/13 Page 13 of 13

*Fahie v. People of the Virgin Islands*
Crim. App. No. 2006-27
Memorandum Opinion
Page 13

*United States v. Leake*, 396 Fed. App'x 898 (3d Cir. 2010) (testimony that a defendant was found in possession of "cop killer" bullets was outweighed by "overwhelming evidence of Leake's guilt, including the eyewitness testimony of two police officers that Leake was carrying two firearms, which were both recovered during the arrest").

Finally, although neither party requested a curative instruction to the jury, and the Superior Court failed to provide one *sua sponte*, the line of questioning which solicited the character evidence about Fahie ceased after the Court cautioned the People against continuing such a line of inquiry, stating: "all of that is irrelevant and prejudicial in my opinion about why he is wanted for or not wanted. You're suggesting that he is -- that there's outstanding charges against him and I don't think that's proper." (J.A. 79-81.)

Because of the limited occurrences of character evidence and their minor role in the People's case, the character evidence did not "affect[] the outcome of the [trial] court proceedings" and rise to the level of reversible plain error. *Olano*, 507 U.S. at 734.

## IV. CONCLUSION

For the reasons discussed above, we will affirm Fahie's conviction in all respects. An appropriate judgment follows.